UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
W. CHAPPELL MUSIC CORP. d/b/a WC MUSIC :    Civil Action No.:
CORP., and ROUND HILL MUSIC ROYALTY
FUND LP d/b/a ROUND HILL SONGS, :

               Plaintiffs, :

               -against- :

BLUE MOOSE TOPEKA, LLC, KLATON :
RESTAURANTS, LLC, KC HOPPS, LTD., FLOYD
C. EATON JR., JAMES A. KLAUSMAN, and :
EDWARD E. NELSON,
               :
             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

                                                 x

## **COMPLAINT**

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege two causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2[*] are the owners of the copyrights in the original musical compositions listed in Column 3 and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, defendant Blue Moose Topeka, LLC ("BMT") is a limited liability company organized under the laws of the State of Kansas with offices at 3030 SW Wanamaker Road, Topeka, Kansas 66614.

6. At all times hereinafter mentioned, BMT did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Blue Moose, located at 3030 SW Wanamaker Road, Topeka, Kansas 66614.

7. Musical compositions were and are publicly performed at Blue Moose.

8. On information and belief, defendant Klaton Restaurants LLC ("KRL") is a limited liability company organized under the State of Kansas with offices at 3024 SW Wannamaker Road, Suite 300, Topeka, Kansas 66614.

9. At all times hereinafter mentioned, KRL was, and still is, a member of BMT.

10. On information and belief, defendant Floyd C. Eaton, Jr. ("Eaton") is an individual who resides and/or does business in this district.

11. On information and belief, defendant James A. Klausman ("Klausman") is an individual who resides and/or does business in this district.

12. At all times hereinafter mentioned, Eaton and Klausman were, and still are members and/or officers of KRL.

13. On information and belief, defendant KC Hopps Ltd. ("KCH") is a limited company organized under the State of Kansas with offices at 9401 Reeds Road Overland Park, Kansas 66207.

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

14. At all times hereinafter mentioned, KCH was and still is a member of BMT.

15. On information and belief, Edward E. Nelson ("Nelson" and, together with BMT, KRL, Easton, Klausman, and KCH, the "Defendants"), is an individual who resides and/or does business in this district.

16. At all times hereinafter mentioned, Nelson is the president and/or officer of KCH.

17. At all times hereinafter mentioned, KRL, Eaton, Klausman, KCH, and Nelson were, and still are, responsible for the control, management, operation and maintenance of the affairs of BMT.

18. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Blue Moose, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

19. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Blue Moose.

### FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

20. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its nearly 875,000 songwriter, composer, and music publisher members.

21. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees

associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

22. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by at least the following facts:

(a) Defendant BMT entered into a license agreement with ASCAP, effective January 1, 2012.

(b) BMT, however, failed to pay license fees as required by the license agreement.

(c) Because of BMT's failure to pay license fees due, on February 28, 2017, upon written notice, ASCAP terminated the ASCAP license for Blue Moose.

(d) Notwithstanding the termination of the Blue Moose ASCAP license, the Defendants continued to perform ASCAP's members' musical works publicly at Blue Moose.

23. On numerous occasions since February 28, 2017, ASCAP has attempted to contact the Defendants, or their representatives, agents, or employees, to offer to license the establishment. ASCAP's representatives have contacted, or attempted to contact, Defendants via mail, electronic mail, and phone.

24. Defendants have refused all of ASCAP's offers to relicense Blue Moose.

25. As a result of the foregoing, Blue Moose has been unlicensed by ASCAP since February 28, 2017.

26. ASCAP's various communications offering to relicense Blue Moose gave Defendants notice that unauthorized performances of ASCAP's members' musical compositions at Blue Moose constitute copyright infringement.

4

27. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Blue Moose, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

28. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

29. The original musical compositions listed in Column 3 were published on the date stated in Column 5, and, since their respective dates of publication, have been printed and published in strict conformity with Title 17 of the United States Code.

30. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

31. The composition *Play that Funky Music* for which there are entries in Column 7 and 8 is now in the renewal term of copyright, pursuant to 17 U.S.C § 304(a)(2), automatically secured as provided in 17U.S.C. § 304(a)(2)(B)(ii), effective as of the date set forth in Column 8.

32. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Blue Moose, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

33. The public performances at Blue Moose of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants, or employees, nor any performer, was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

34. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

35. The many unauthorized performances at Blue Moose include the performances of the two copyrighted musical compositions upon which this action is based.

36. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

37. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Blue Moose, or in any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand

Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

      III.    That Defendants be decreed to pay the costs of this action and that reasonable attorney's fee be allowed as part of the costs.

      IV.    For such other and further relief as this Court deems appropriate.

/s/  Susan L. Mauch
Susan L. Mauch  #15295
GOODELL STRATTON EDMONDS
  & PALMER, L.L.P.
515 S. Kansas Avenue
Topeka, KS 66603
Tel. (785) 233-0593
Fax (785) 233-8870
slmauch@gseplaw.com
Attorneys for Plaintiffs

DESIGNATION OF PLACE OF TRIAL

COMES NOW Plaintiffs W. Chappell Music Corp., d/b/a WC Music Corp., et al and designates Topeka, Kansas as the place of trial in this matter.

/s/  Susan L. Mauch
Susan L. Mauch  #15295